

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00390-CR

_____

APRIL HOPE GALLARDO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Castro County, Texas
Trial Court No. A3159-0801; Honorable Robert W. Kinkaid, Jr., Presiding

March 27, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

On October 15, 2008, the trial court ordered Appellant, April Hope Gallardo, placed on deferred adjudication community supervision for three years for aggravated perjury.[1]  A motion to proceed to adjudication was filed in July 2009, but later dismissed without prejudice.  A second motion to proceed was filed on February 10, 2011, in which the State alleged numerous violations of the terms and conditions of community

---

[1] TEX. PENAL CODE ANN. § 37.03 (West 2011).  An offense under this section is a third degree felony.

supervision. Capias was issued that same date. Appellant was not arrested until three years later. At a hearing on the State's motion to proceed, Appellant entered a plea of true to all allegations presented in the motion and the trial court heard testimony from her and her community supervision officer. The trial court revoked her deferred adjudication community supervision and assessed punishment at six years confinement and a $2,000 fine. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of her right to review the record and file a *pro se* response if she desired to do so,[3] and (3) informing her of her right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this Court granted

---

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967).

[3] *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014) (regarding Appellant's right of access to the record for purposes of filing a *pro se* response).

[4] Notwithstanding that Appellant was informed of her right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of this Court's decision is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

Appellant an opportunity to exercise her right to file a response to counsel's brief and Appellant did file a response. The State did not favor us with a brief.

BACKGROUND

Appellant was charged with aggravated perjury in 2008 for making a false sworn statement during the course of a jury trial of a defendant accused of harboring a runaway child. In exchange for deferred adjudication, she entered a plea of guilty, signed a stipulation of evidence, and agreed to abide by the terms and conditions of community supervision.

At the hearing on the State's motion to proceed, Appellant's community supervision officer testified that although Appellant's period of community supervision had expired, the State's motion to proceed and the violations committed by Appellant all occurred while community supervision was in effect. The officer further testified that Appellant had not reported as required since November 30, 2010, and that she had contacted the community supervision office in May 2011, and was made aware that a warrant had been issued for her arrest.

Appellant complied with the terms and conditions of community supervision for a few years. She testified that when she became aware that an arrest warrant had been issued, she became scared and stopped reporting to her community supervision officer. She was caring for her ill mother and feared being taken into custody and leaving her mother with no one to provide care.

Based on the testimony presented and Appellant's plea of true to the State's allegations, the trial court adjudicated her guilty of aggravated perjury. During the

punishment hearing, the State argued for an eight year sentence. Defense counsel urged continued community supervision so Appellant could care for her mother.[5] The trial court then found she had violated the terms and conditions of community supervision, adjudicated her guilty of the original offense, and after the punishment phase, assessed punishment at six years confinement and a $2,000 fine.

By the *Anders* brief, counsel evaluates the underlying proceedings and argues potential error in the violations of failure to pay restitution, attorney's fees, fine, and court costs without the State producing evidence of ability to pay. Counsel then concedes that based on other violations and Appellant's plea of true, there is no reversible error presented.

STANDARD OF REVIEW

An appeal from a trial court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2014). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). When more than one violation of the conditions of community supervision is alleged, a single violation is adequate and the

---

[5] The trial court did not have the authority to extend community supervision after the first anniversary of the date on which the period of supervision expired. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 22(c) (West Supp. 2014).

revocation order shall be affirmed if at least one sufficient ground supports the court's order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Jones v. State*, 571 S.W.2d 191, 193 (Tex. Crim. App. 1978). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

ANALYSIS

When we have an *Anders* brief by counsel and a *pro se* response filed by an appellant, we have two choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991)).

Here, we have independently examined the entire record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record, counsel's brief,

5

and Appellant's *pro se* response, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe*, 178 S.W.3d at 826-27.

Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.